## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM JOHNSON, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| METACRINE, INC., RICHARD HEYMAN, | ) **FEDERAL SECURITIES LAWS** |
| RONALD EVANS, ANDREW | ) |
| GUGGENHIME, JEFFREY JONKER, | ) JURY TRIAL DEMANDED |
| PRESTON KLASSEN, JOHN | ) |
| MCHUTCHISON, AMIR NASHAT, and | ) |
| JULIA OWENS, | ) |
| | ) |
| Defendants. | ) |

Plaintiff William Johnson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff brings this action against Metacrine, Inc. ("Metacrine" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed merger of the Company with Equillium, Inc. ("Equillium").[1]

2.      On September 6, 2022, the Company entered into an Agreement and Plan of Merger (as amended on October 26, 2022, the "Merger Agreement") with Equillium, Equillium

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Acquisition Sub, Inc. ("Acquisition Sub I"), Triumph Acquisition Sub, Inc. ("Acquisition Sub II") and Triumph Merger Sub, Inc. ("Merger Sub") The Merger Agreement provides that Equillium and Metacrine will combine, with Metacrine stockholders receiving a portion of a share of Equillium common stock equal to the exchange ratio (the "Exchange Ratio"),[2] for each share of Metacrine common stock. Based on the Company's forecasted net cash of $33.75 million as of December 23, 2022, the assumed closing date, and an Equillium stock price of $2.70 per share, the lowest trading price to be calculated for purposes of the Exchange Ratio, the Exchange Ratio is equal to 0.282.

2.      The Company's corporate directors subsequently authorized the November 10, 2022, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

3.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that

---

[2] Under the Merger Agreement, the Exchange Ratio is determined by dividing (x) (a) 125% of Metacrine's net cash as of the closing of the merger, by (b) the price per share of Equillium common stock determined based on the 10 day trading volume weighted average price per share of Equillium common stock calculated 10 trading days prior to the closing date of the merger, subject to a share price collar ranging from $2.70 to $4.50, by (y) the aggregate fully diluted shares of Metacrine, plus (ii) any cash payable in lieu of fractional shares of Equillium's common stock.

they can properly exercise their corporate suffrage rights, among other things.[3]

4.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

8.      Plaintiff is, and has been at all times relevant hereto, the owner of Metacrine common stock.

---

[3] The Special Meeting at which stockholders are asked to approve the Proposed Transaction currently is scheduled for December 20, 2022.

9.      Defendant Metacrine is a Delaware corporation with its principal executive offices located at 4225 Executive Square, Suite 600, San Diego, California 92037.  Metacrine's shares trade on the Nasdaq Capital Market under the ticker symbol "MTCR."  Metacrine is a clinical-stage biopharmaceutical company focused on discovering and developing therapies for patients with gastrointestinal ("GI") diseases.   The Company's most advanced program, MET642, targets the farnesoid X receptor, which is central to modulating GI and liver diseases.

10.     Defendant Richard Heyman is and has been Chairman of the Board (defined herein) and a director of the Company at all times relevant hereto.

11.     Defendant Ronald Evans is and has been a director of the Company at all times relevant hereto.

12.     Defendant Andrew Guggenhime is and has been a director of the Company at all times relevant hereto.

13.     Defendant Jeffrey Jonker is and has been a director of the Company at all times relevant hereto.

14.     Defendant Preston Klassen is and has been the Company's President, Chief Executive Officer and a director of the Company at all times relevant hereto.

15.     Defendant John McHutchison is and has been a director of the Company at all times relevant hereto.

16.     Defendant Amir Nashat is and has been a director of the Company at all times relevant hereto.

17.     Defendant Julia Owens is and has been a director of the Company at all times relevant hereto.

18.     Defendants identified in paragraphs 10-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

19.     On September 6, 2022,  Metacrine announced in relevant part:

**LA JOLLA, California, September 6, 2022** – Equillium, Inc. (Nasdaq: EQ) and Metacrine Inc. (Nasdaq: MTCR), today announced that the two companies have entered into a definitive merger agreement pursuant to which Equillium will acquire Metacrine in an all-stock transaction.  The transaction is anticipated to add $33 million in cash to Equillium's balance sheet at closing, which is expected to extend the company's cash runway into 2024.  The transaction has been approved by the boards of directors of both companies.

"The acquisition of Metacrine meaningfully strengthens Equillium's cash position," said Bruce Steel, chief executive officer at Equillium.   "As we continue to execute on our ongoing clinical development programs this cash runway extension is expected to see us through multiple data catalysts and operational milestones, including our interim data readout from the Type B portion of the EQUALISE study in lupus nephritis patients in the coming weeks followed by topline data in 2023; the initiation of a Phase 2 clinical study of EQ101 in alopecia areata; initiation of a Phase 1 SAD/MAD study of EQ102 in normal healthy volunteers and celiac patients; and interim data from both EQ101 and EQ102. While prioritizing our ongoing studies, we will carefully evaluate strategic partnership options to advance the acquired MET642 program, an orally delivered Phase 2 ready FXR agonist program in ulcerative colitis.  Dr. Preston Klassen, president and CEO of Metacrine, is ideally suited to help us in this endeavor and we are pleased to announce his appointment to Equillium's Board of Directors in conjunction with the closing of the transaction."

"I'm honored to be joining this experienced and talented team," said Preston Klassen, M.D., MHS, president and chief executive officer of Metacrine.  "I look forward to working with the Equillium team to advance their exciting pipeline of clinical programs and explore strategic opportunities for MET642.  I strongly believe that Metacrine shareholders will benefit from long-term value created by the combination of our companies."

Through the acquisition, Equillium adds Metacrine's farnesoid X receptor (FXR) platform, including lead molecule MET642, an orally delivered FXR agonist that is a potential first-in-class, non-immunosuppressive treatment for inflammatory bowel disease (IBD), including ulcerative colitis (UC) and

Crohn's disease. MET642 is expected to address multiple aspects of IBD pathogenesis including maintenance of epithelial barrier function and reduction of bacterial translocation. Equillium will be seeking a strategic partner with which to advance this program.

**Transaction Details**

The transaction consideration will be comprised entirely of stock, where Equillium will issue stock valued at a 25% premium over the net cash delivered at closing, which is estimated to be approximately $26 million. Net cash is total cash, cash equivalents, and short-term investments, adjusted by certain factors including debt, which includes term debt with an outstanding principal of $15 million, and other liabilities, as defined in the merger agreement. The stock value will be based on Equillium's 10-day volume weighted average closing price calculated ten trading days prior to closing, subject to a share price collar ranging from $2.70 to $4.50. In addition, Equillium has agreed to terms on an amended debt facility with Metacrine's current lender, K2 HealthVentures LLC, whereby Equillium would assume Metacrine's existing loan with an outstanding principal balance of $15 million, along with potential access to an additional $10 million of committed debt capital. Concurrent with the transaction closing, Equillium intends to retire its existing debt facility with Oxford Finance LLC and SVB, which currently has an outstanding principal balance of $10 million. After paying off its existing debt facility, Equillium expects to add an estimated $33 million of cash to its balance sheet at closing. Equillium is not planning to retain any current Metacrine employees and expects to assume minimal operating expenses while maintaining sole discretion over the timing and extent of advancing development of the Metacrine programs. The acquisition is anticipated to close late 2022 pending approval from both Equillium and Metacrine shareholders, Metacrine having minimum net cash of $23 million, and other customary closing conditions. Preston Klassen, M.D., MHS, has served as president and chief executive officer and as a member of the board of directors of Metacrine since June 2020. From March 2017 to June 2020, Dr. Klassen served as executive vice president, head of research and development and chief medical officer of Arena Pharmaceuticals, Inc. From June 2016 to March 2017, he was chief medical officer of Laboratoris Sanifit S.L., and from November 2009 to May 2016, was executive vice president, head of global development at Orexigen Therapeutics, Inc. Dr. Klassen also held several positions of increasing responsibility at Amgen Inc., including therapeutic area head for nephrology. Before joining Amgen, he was a faculty member in the Division of Nephrology at Duke University Medical Center. Dr. Klassen received his medical degree from the University of Nebraska College of Medicine, completed his residency in internal medicine, fellowship in nephrology, and Master of Health Sciences degree at Duke University and holds a B.S. in Chemistry from Central University of Iowa.

**The Materially Incomplete and Misleading Proxy Statement**

20.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on November 14, 2022.  The Proxy Statement, which recommends that Metacrine stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial projections for Equillium and Metacrine, and the financial analyses that support the September 2, 2022 fairness opinion (the "September Opinion") and October 19, 2022 fairness opinion (the "October Opinion," and together with the September Opinion, the "Fairness Opinions") provided by MTS Securities, LLC ("MTS"), an affiliate of the Company's financial advisor, MTS Health Partners, L.P. ("MTS Partners"); and (b) potential conflicts of interest faced by Company insiders.

***Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and  MTS's Financial Analysis***

21.     The Proxy Statement fails to disclose material information concerning Metacrine's financial forecasts, including any projections reviewed or relied upon by the Board, Company management, Equillium, MTS or MTS Partners in connection with the Proposed Transaction.

22.     The Proxy Statement further fails to disclose the respective unlevered free cash flows for Equillium used by MTS in its *Discounted Cash Flow Analysis – September Opinion Projections* and *Discounted Cash Flow Analysis – October Opinion Projections*, as well as the underlying line items.

23.     The Proxy Statement also fails to disclose material information concerning MTS's financial analyses underlying its Fairness Opinions.

24.     With respect to the *Public Trading Comparable Companies Analysis* performed by MTS for each of the Fairness Opinions, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by MTS.

25.     With respect to the *Pro Forma Combination Analysis and Intrinsic Valuation of Merger Consideration ("Has-Gets" Analysis)* performed by MTS for each of the Fairness Opinions, the Proxy Statement fails to disclose the "projected synergies and an assumed pro forma capital structure" used by MTS in the analysis.  *See* Proxy Statement at 109, 117.

**Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest**

26.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Equillium's proposals or indications of interest mentioned management retention or director participation in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

27.     The omission of the above-referenced information renders statements in the "Equillium Financial Projections Used by Metacrine's Financial Advisor," "Opinions of Metacrine's Financial Advisor," "Financial Interests of Metacrine Directors and Executive Officers in the Merger," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and METACRINE**

28.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

29.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Metacrine is liable as the issuer of these statements.

30.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

31.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

32.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

33.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

34.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

35.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

36.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37.     The Individual Defendants acted as controlling persons of Metacrine within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Metacrine and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

38.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

39.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations

as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

40.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

41.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the

Exchange Act;

        D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

        E.     Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  November 22, 2022

**LONG LAW, LLC**

By:   */s/ Brian D. Long*
        Brian D. Long (#4347)
        3828 Kennett Pike, Suite 208
        Wilmington, DE 19807
        Telephone: (302) 729-9100
        Email: BDLong@LongLawDE.com

        *Attorneys for Plaintiff*